John Albert DeGROOT, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–362–CR.

Court of Appeals of Texas,
Corpus Christi.

June 8, 2000.

Rehearing Overruled Aug. 3, 2000.

Rene B. Gonzalez, Brownsville, for Appellant.

Yolanda De Leon, Dist. Atty., John A. Olson, Asst. County & Dist. Atty., Brownsville, for State.

Before Justices HINOJOSA, CHAVEZ and RODRIGUEZ.

**O P I N I O N**

Opinion by Justice CHAVEZ.

On February 10, 1999, appellant John Albert DeGroot, a Canadian graduate student studying in Brownsville, was found guilty of assault under section 22.01(a)(1) of the Texas Penal Code for his attack on his live-in girlfriend, also of Canada. Appellant pleaded not guilty, and waived his right to a trial by jury. The court sentenced him to 12 months in jail, then suspended the sentence and placed him on community supervision for 18 months. Appellant claims that he was denied the right to defend himself *pro se* and seeks to reverse his conviction and sentence. This court finds no error in the trial court's proceedings. The trial court's decision is affirmed.

On the day of the trial, DeGroot expressed dissatisfaction with Robert Lerma, his court-appointed attorney, and requested another attorney. This was after an entire year to prepare for trial and several other appearances in court, including an appearance at which he and his attorney announced ready just two days before trial. The prosecution had four witnesses prepared to testify, including DeGroot's battered girlfriend. The court informed him that he could proceed with the attorney whom he had, or he could represent himself. DeGroot's attorney was prepared to proceed with the case.

■ Under the Sixth Amendment, an individual may choose to represent himself so long as he makes the decision to do so intelligently, knowingly, and voluntarily. *Godinez v. Moran,* 509 U.S. 389, 400–401, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Oliver v. State,* 872 S.W.2d 713, 715 (Tex.Crim. App.1994). This right is also protected by statute and by the Texas Constitution. TEX.CODE CRIM. PROC. ANN. art. 1.051(f) (Vernon 2000); TEX. CONST. Art. 1, § 10. There are two prerequisites that need to be addressed in order to determine whether this right has attached. First, this right does not attach until a defendant clearly and unequivocally asserts it. *Faretta,* 422 U.S. at 835–36, 95 S.Ct. 2525, *Scarbrough v. State,* 777 S.W.2d 83, 92 (Tex.Crim.App.1989); *Funderburg v. State,* 717 S.W.2d 637, 642 (Tex.Crim.App. 1986). Secondly, the Sixth Amendment right to self-representation may not be exercised simply to delay the orderly procedure of the courts or to interfere with the fair administration of justice. *Thomas v. State,* 550 S.W.2d 64, 68 (Tex.Crim.App. 1977); *Parker v. State,* 545 S.W.2d 151, 156 (Tex.Crim.App.1977).

■ As a threshold issue, we note that the standard of review is abuse of discretion for a factual issue such as whether a defendant has elected to represent himself. *See e.g., Daniels v. State,* 921 S.W.2d 377 (Tex.App. Houston [1st Dist.] 1996, pet. ref'd.). Based on the in-

formation before it, the trial court determined that DeGroot had a competent attorney who was ready to represent him, that DeGroot did not want to represent himself alone, and that he was attempting to delay the trial.[1] There is more than sufficient information in the reporter's record to support the trial court's conclusions.

■ DeGroot did not clearly and unequivocally assert his right to defend himself *pro se.* His one statement, "I think I'll proceed without an attorney" cannot be taken alone or out of context. The context is DeGroot's stated dissatisfaction with his attorney, and his attempt to get a new attorney. This is made clear in the discussion between the trial judge, the appellant, and the appellant's lawyer. Their discussion was about whether the appellant had received the assistance of counsel and the timeliness of the proceedings, not whether the appellant would proceed *pro se.* The bulk of this discussion was as follows:

THE COURT: Are you wanting to proceed at this time on your own, then, without counsel? Those are your options.

THE DEFENDANT: Can I be appointed another attorney?

THE COURT: Not at this late date.

THE DEFENDANT: A public defender?

THE COURT: Mr. Lerma can represent you, or you can represent yourself. Those are your choices. This case has been pending since—

MR. LERMA: February of 1998, Judge.

THE COURT: It's been pending for over a year already. You were arraigned February 11th. We are now February 10th of 1999. You've appeared in court several times. There was already an announcement of "Ready" in this case made on your behalf. You were present when that announcement was made. It is now trial date. We are not going to give you any more time. If you wish, Mr. Lerma can continue to represent you. You do not have to have an attorney to represent you; you can waive counsel and proceed on your own. Or Mr. Lerma can go ahead and represent you.

THE DEFENDANT: I believe I need time to prepare a case, Your Honor.

THE COURT: You can proceed today. You've had a year to prepare a case. You can proceed today with Mr. Lerma or you can proceed today on your own. You've had a year to prepare this case, Mr. DeGroot. I'm not going to let you use this as a tactic—

THE DEFENDANT: Am I—

THE COURT:—to buy more time.

THE DEFENDANT: Excuse me, ma'am. I haven't had the opportunity to prepare this case with a lawyer, is what I mean.

THE COURT: Your lawyer has been on this case for a—

THE DEFENDANT: It's very fresh in my mind.

Based on this statement, DeGroot may have believed that he had the right to speak up and represent himself when he later sought to cross-examine his girlfriend. But any mistaken belief on the part of a defendant does not qualify him for a hybrid representation. There is no right to hybrid representation. *McKaskle v. Wiggins,* 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *Webb v. State,* 533 S.W.2d 780, 784 (Tex.Crim.App. 1976). It is within a court's discretion to permit it. *McKaskle v. Wiggins* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *Webb v. State,* at 784, n. 2. The record clearly states that the trial court did not permit it.

---

**1.** DeGroot did not represent himself in this case, nor was there any hybrid—part *pro se,* part traditional—representation. The following statement by the trial judge would have made it hybrid if it were not clearly retracted by other statements she made after further discussion with DeGroot about his situation:

Okay. Mr. Lerma is simply going to be here, then, of counsel, because I'm going to hold you to the same standards I would an attorney, and Mr. Lerma will be here to help you, if needed. Mr. Lerma's been on this case, for the record, since February 18, 1998.

THE COURT:—year. Mr. DeGroot, do you wish to proceed with Mr. Lerma or do you wish to proceed without an attorney?

THE DEFENDANT: *I think I'll proceed without an attorney.*

[The judge started to appoint Mr. Lerma standby counsel to help the appellant if necessary, but sidetracked into asking Mr. Lerma about his relations with the appellant. Mr. Lerma presented a detailed explanation of his prior contacts with the appellant. The dialogue then shifted to the nature and extent of Mr. Lerma's representation of the appellant and what may be missing from that representation.] The proceedings continue:

THE COURT: Mr. DeGroot, this case has been pending for a year. You're coming on trial today, now that everybody is ready, and you're stating now that you're not happy with Mr. Lerma.

THE DEFENDANT: I have never been happy with Mr. Lerma.

THE COURT: This is the first time that you have expressed that to me. I was here Monday in court. You did not ask to address the Court at that time. You did not express any displeasure with him at that time. As a matter of fact, I gave you the additional time to come in today so that we could take care of this and you did not mention that you were not happy with his services at that time, nor did you express any desire to have another attorney to represent you.

[The defendant then gave a long, non-responsive answer.]

THE COURT: Let me ask you this, Mr. DeGroot: Your only complaint is that you would like additional time to sit and speak to Mr. Lerma? Is that correct?

THE DEFENDANT: *No. My complaint, Your Honor, is that the case—although the incident, or incidents in question are fossilized in my mind, I haven't had the opportunity to collaborate with a defense attorney. And that's what I would like. Now, whether it's court-appointed or whether I hire one, that's what I need.*

[The appellant then proceeded to describe difficulties he had communicating with Mr. Lerma's office. Mr. Lerma denied having any problems.]

MR. LERMA: [T]his morning is the first time I've ever heard of any dissatisfaction from him. Certainly, I would not want to continue the case where the client is dissatisfied with me. As the court knows, in court-appointed cases, the pay we get is very little regarding the time we put in, and I wouldn't want to sit around for a year, especially with an unhappy client, and I would have brought it to the attention of the Court and he would have brought it to the attention of the Court long ago. He's never told me prior to today—prior to this morning—of any dissatisfaction. He has told me his version of the facts, and I've heard it at least five, maybe ten times from him, and it's been the same, it's been consistent, and I'm prepared to go to trial today on his version of the facts as opposed to the State's.

THE COURT: Okay. Mr. Sturgis, are you ready?

MR STURGIS: Yes, Your Honor, we're present and ready.

THE COURT: All right. Mr. DeGroot, you have not expressed a desire for you to represent yourself; you've actually said you would rather have a lawyer. I'm going to leave Mr. Lerma as your attorney. I find that he has been representing you for a year. That is sufficient time for you to have complained.

You have had hearings on this case, at least on three different occasions, at which time you could have—at some

time or other—expressed some dissatisfaction. You were here as late as Monday, which was February 8th. You did not ask to address the Court at that time. You were here for a trial setting on that day; you were in the open courtroom; your attorney announced ready; you signed a jury waiver that day stating that you wished to come to the Court to hear this case. If you had had any dissatisfaction with Mr. Lerma, that was the time you should have taken it up.

The State has brought in their witnesses from out of town. We gave them a preferential setting for this morning so that we could finally dispose of this case because it's already a year old. I find that Mr. Lerma is your attorney and that he can represent you fairly and justly and that you will get fair representation. Just because you don't like the attorney doesn't mean that the attorney is not qualified, and does not mean that you will not get a fair trial.

The trial judge's finding that the appellant was not attempting to assert his right to self representation is well substantiated in this section of the reporter's record. DeGroot clearly and unequivocally sought a different attorney, but not to represent himself. When first asked if he wished to proceed alone he twice attempted to be appointed different counsel. His statement about proceeding alone is not consistent with his other statements. He later retracts that statement, stating that what he really wanted is the opportunity to collaborate with a defense attorney.

■ The trial judge's determination that the appellant was trying to delay the trial is also substantiated in the section of the reporter's record provided above. Time and delay was apparently very much on the trial judge's mind. In response to his attempt to persuade the court that he did not have a case prepared for trial; the court flatly responded that he could not use his Sixth Amendment right "as a tactic to buy more time."

DeGroot speaks almost as much about a need of time as he does a desire to have a new attorney, and considerably more about time than a desire to represent himself. On almost every occasion in the quoted part of the dialogue alone, the court speaks of the tardiness of his request or the delay it would create. If the trial were further delayed, it is unlikely that the prosecution could get all of it's witness together again, especially if DeGroot's girlfriend returned to Canada.

■ DeGroot, of course, had under the Sixth and Fourteenth Amendments of the U.S. Constitution,[2] and under Texas Law and the Texas Constitution[3] the right to an attorney to defend him at trial, but it is well established that like all defendants with court appointed lawyers, he had no right to choose the attorney whom the court appoints. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex.Crim.App.1982). A request for a new attorney on the day of trial is too late. *Brown v. State*, 464 S.W.2d 134, 135 (Tex.Crim.App.1971). Thus the court's ruling that Mr. Lerma, the attorney who had prepared DeGroot's case and was ready for trial, should remain as counsel is without error.

The right to self representation at trial may cause some inconvenience or even disruption in the trial proceedings; so long as it is not a calculated obstruction, a court cannot deprive the accused of the right, once asserted. *Faretta*, 422 U.S. at 834 n. 46, 95 S.Ct. 2525, *Dunn v. State*, 819 S.W.2d 510, 522 (Tex.Crim.App.1991). In this case, the decision made by the trial judge that the appellant was not seeking to represent himself is not an abuse of discretion. DeGroot did not clearly and un-

---

**2.** *See Gideon v. Wainwright*, 372 U.S. 335, 339–40, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

**3.** Tex.Code Crim. Proc. Ann. arts. 1.051, 26.04(a) (Vernon 2000); Tex. Const. Art. 1, § 10; *Hernandez v. State*, 988 S.W.2d 770, 773 n. 7 (Tex.Crim.App.1999).

equivocally assert his right to represent himself. The judgment is affirmed.