

NUMBER 13-09-00331-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HUGO HERNANDEZ,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                    Appellee.

On appeal from the 107th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Garza

Appellant, Hugo Hernandez, was convicted by a Cameron County jury of five counts of burglary of a building, each a state jail felony. *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(1) (Vernon 2003). The convictions were enhanced to third-degree felonies after the jury found that Hernandez was a habitual felony offender. *See id.* § 12.42(a)(1) (Vernon Supp. 2009). Hernandez was sentenced to eight years' imprisonment for each count, with the sentences to run concurrently, and was assessed a $10,000 fine. Hernandez now contends that: (1) he was afforded ineffective assistance of counsel at the punishment phase of trial; (2) the trial court erred by not allowing Hernandez to represent himself at the

punishment phase; (3) the trial court erred by "allowing the entry of state jail felony convictions for enhancement purposes"; (4) the evidence was factually insufficient to support the jury's finding on the enhancement paragraphs; and (5) the trial court erred by failing to dismiss the case for violation of Hernandez's right to a speedy trial. We reverse and remand.

## I. BACKGROUND

Hernandez was originally sentenced on October 29, 2002 to concurrent terms of ten years' imprisonment for each of the five burglary counts, with no fine assessed. He appealed the conviction, and we reversed in part and remanded for a new trial on the issue of punishment only. *Hernandez v. State*, 190 S.W.3d 856, 866-73 (Tex. App.–Corpus Christi 2006, no pet.) (concluding that a new punishment trial was warranted because: (1) the State failed to read two enhancement counts to the jury; (2) Hernandez's plea to the enhancements was not taken; and (3) the State failed to reintroduce evidence in support of the enhancements).

On remand, Hernandez filed several pre-trial motions, including a motion to discharge his court-appointed trial counsel and to represent himself. The trial court denied that motion at a hearing on January 20, 2009. On that same day, the new punishment trial was held. Jorge Nava, a fingerprint expert employed by the Harlingen Police Department, was the only witness to testify. Officer Nava stated that he took fingerprints from Hernandez and that the fingerprints contained on judgments reflecting four previous felony convictions matched those belonging to Hernandez. The jury then sentenced Hernandez to eight years' imprisonment and assessed a $10,000 fine. This appeal followed.

## II. DISCUSSION

### A. Violation of Right to Self-Representation

By his second issue,[1] Hernandez contends that the trial court erred by denying his

___

[1] We consider Hernandez's issues out of order in the interest of convenience.

2

request to represent himself. The Sixth and Fourteenth Amendments to the United States Constitution "guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished for any felony." *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997) (citing *Faretta v. California*, 422 U.S. 806, 807-08 (1975)); *DeGroot v. State*, 24 S.W.3d 456, 457 (Tex. App.–Corpus Christi 2000, no pet.). Implied in this right to counsel is a right to self-representation. *Faretta*, 422 U.S. at 820; *see* TEX. CONST. art. 1, § 10 (guaranteeing criminal defendants "the right of being heard by himself or counsel"). The right to self-representation, however, does not attach until it has been clearly and unequivocally asserted. *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008); *Birdwell v. State*, 10 S.W.3d 74, 77 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd). Once the right is asserted, the trial court must inform the defendant about "the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Williams*, 252 S.W.3d at 356 (citing *Faretta*, 422 U.S. at 835). The right to self-representation must then be preserved if the choice of self-representation is made intelligently, knowingly, and voluntarily. *Faretta*, 422 U.S. at 835; *DeGroot*, 24 S.W.3d at 457.[2]

Hernandez claims that he "clearly and unequivocally" asserted his right to self-representation at the pre-trial hearing on January 20, 2009, during which the trial court heard his motion to discharge his trial counsel and to represent himself. Hernandez points specifically to the following exchange:

> [Defense counsel]: Judge, the first motion that my client wants to urge is a motion that he previously filed before, I believe, and was not heard at our last setting; and that's a motion where he wants to discharge me as his attorney.

---

[2] The right to self-representation may not be exercised simply to delay the orderly procedure of the courts or to interfere with the fair administration of justice. *Parker v. State*, 545 S.W.2d 151, 156 (Tex. Crim. App. 1997); *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Here, however, the State does not contend, and the record does not reflect, that Hernandez sought to represent himself for this purpose.

3

THE COURT: Is that correct, Mr. Hernandez?

[Hernandez]: Yes, sir, that's correct.

THE COURT: On what basis?

[Hernandez]: He's neglected my case and has not objected to the actions of the Court. I had myself filed a motion to the appeal court requesting for this Court to take [sic] because this case has been over two years. And I don't know for what reason the Court has just been delaying this case. And I have to do it myself. He never did anything to either let the Court know that we were objecting to whatever the Court was doing, you know.

And I believe that I request [sic] him to file other motions, and he just filed the ones he wants to file, and I don't think that—that's on my behalf to help me with this case.

THE COURT: All right. My first question is, do you have any legal training, Mr. Hernandez?

[Hernandez]: Actually, I've been doing most of the work, not that I'm a professional, but I can understand the law.

THE COURT: My question is, do you have any legal training?

[Hernandez]: No, I don't.

THE COURT: Okay. Anything further on this motion—

[Defense counsel]: No, Judge.

THE COURT: —[Defense counsel]? All right. The motion will be denied. What's the next one?

[Defense counsel]: Judge, second to that, my client has indicated to me that he would like to proceed with—as his own representative in this matter. I'm not sure—it's not clear to me if it's an oral motion or a motion that he previously filed. He communicated that to me yesterday, and I'm on his behalf urging that motion.

THE COURT: He wants to proceed pro se, is that what—

[Defense counsel]: Yes, Judge.

THE COURT: —you're saying? That will be denied.

The State argues that this does not constitute a "clear and unequivocal" assertion

4

of the right to self-representation. Instead, according to the State, because the trial court previously denied Hernandez's motion to discharge his trial counsel, Hernandez was still represented by counsel at the time the motion for self-representation was heard, and the above therefore represented only a request for *hybrid* representation, for which there is no absolute constitutional right. *See, e.g., Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). The State notes that, in a previous case, we found no clear and unequivocal assertion of the right to self-representation where the defendant did not state that he wants to "control his own defense *on his own*." *Saldana v. State*, 287 S.W.3d 43, 54-55 (Tex. App.–Corpus Christi 2008, pet. ref'd) (emphasis in original). The State argues that defense counsel's statement that Hernandez wanted to proceed "as his own representative" is not equivalent to a statement that he wanted to "control his own defense *on his own*." *See id.*

We disagree. This case is nothing at all like *Saldana*, where the defendant admitted that his request to cross-examine witnesses "if he felt his counsel had not done the job he wanted done" was a request for hybrid representation. *See id.* at 52. Here, Hernandez stated that "I have to do it myself" with reference to why he wished to discharge his appointed trial counsel. Further, Hernandez's trial counsel informed the trial court that his client wished to proceed "as his own representative." This does not indicate, as the State would have it, that Hernandez wished to act as co-counsel along with his trial counsel; instead, this was a clear and unequivocal request that Hernandez be permitted to represent himself without the assistance of counsel. Indeed, the trial court asked Hernandez's counsel if his client wanted to "proceed pro se," and counsel confirmed that he did. *See* BLACK'S LAW DICTIONARY 1341 (9th ed. 2009) (defining "pro se" as "on one's own behalf; *without a lawyer*" and as "[o]ne who represents oneself in a court proceeding *without the assistance of a lawyer*" (emphases added)).

We conclude that Hernandez clearly and unequivocally asserted his right to self-

5

representation. Accordingly, the trial court erred by failing to conduct a *Faretta* hearing to determine whether Hernandez made the decision to represent himself intelligently, knowingly, and voluntarily.[3]  *See Williams*, 252 S.W.3d at 358; *Saldana*, 287 S.W.3d at 53; *DeGroot*, 24 S.W.3d at 457.  Hernandez's second issue is sustained.

## B.     Use of State Jail Felony Convictions for Enhancement

By his third issue, Hernandez contends that the trial court erred by permitting the charged offenses to be enhanced by prior convictions for state jail felonies.[4]  Hernandez bases this issue on section 12.42(e) of the Texas Penal Code, which provides that "[a] previous conviction for a state jail felony punished under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d)."  TEX. PENAL CODE ANN. § 12.42(e).  However, subsections (b), (c), and (d) of section 12.42 of the penal code were not applicable to Hernandez's conviction.  *See id.* § 12.42(b) (applicable only to second-degree felonies), (c) (applicable only to first-degree felonies), (d) (applicable only to felonies "other than a state jail felony punishable under Section 12.35(a)").[5]  Rather, the enhancement allegations here were clearly and legitimately authorized by subsection (a) of that statute.  *See id.* § 12.42(a) ("If it is shown on the trial of a state jail felony punishable

---

[3] We note that the trial court appears to have denied Hernandez's motion to represent himself based only on Hernandez's lack of formal legal training.  This is an improper ground upon which to deny such a motion.  *See Faretta v. California*, 422 U.S. 806, 835 (1975) ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation . . . ."); *Burton v. State*, 634 S.W.2d 692, 694 (Tex. Crim. App. 1982) ("Neither the defendant's technical legal training nor his ability to conduct an adequate defense are requisites for self-representation."); *see also Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989) ("While the choice [to represent oneself] must be knowingly and intelligently made, it need not be wise.  Indeed, the accused must be permitted to conduct his own defense ultimately to his own detriment, if that is his informed decision.") (internal quotations omitted).

[4] The jury charge on punishment set forth four enhancement allegations, each asserting that Hernandez had been convicted of a crime prior to the commission of the underlying offenses.  Specifically, the jury charge alleged that Hernandez was convicted of three separate counts of burglary of a building, a state jail felony, on July 15, 1998; and that he had also previously been convicted of "Felony Theft with Two Enhancements," a third-degree felony, on August 23, 1999.  The charge then stated that "[i]f you find that at least two enhancement allegations are true," then the applicable range of punishment for burglary of a building would be enhanced to that of a third-degree felony; i.e., two to ten years' imprisonment and a fine of up to $10,000.  *See* TEX. PENAL CODE ANN. § 12.34 (Vernon Supp. 2009).

[5] It is undisputed that the underlying charges here were punishable under penal code section 12.35(a).  *See id.* § 12.35(a) (Vernon Supp. 2009).

under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony."). We therefore overrule Hernandez's third issue.

## C. Failure to Dismiss for Violation of Right to Speedy Trial

Hernandez contends by his fifth issue that the trial court erred in failing to dismiss the case against him for violation of his right to a speedy trial. The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing *Zamorano v. State*, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002)). We analyze federal constitutional speedy-trial claims "on an *ad hoc* basis" by weighing and then balancing the four factors specified by the United States Supreme Court in *Barker v. Wingo*: (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice to the accused. 407 U.S. 514, 530 (1972).[6]

The State argues that Hernandez waived this issue by failing to raise any issue with the trial court regarding a violation of his speedy-trial rights and by making this argument for the first time on appeal.[7] We agree. This Court has consistently held that "it is the accused's burden to develop a record that a speedy trial violation occurred and that it was asserted in the trial court." *Grimaldo v. State*, 130 S.W.3d 450, 453 (Tex. App.–Corpus Christi 2004, no pet.) (citing *Serna v. State*, 882 S.W.2d 885, 889-90 (Tex. App.–Corpus Christi 1994, no pet.); *Edwards v. State*, 867 S.W.2d 90, 95 (Tex. App.–Corpus Christi

---

[6] Article I, section 10 of the Texas Constitution also guarantees the accused in all criminal cases the right to a speedy and public trial. *See* TEX. CONST. art. I, § 10. This right exists independently of the federal guarantee, but we analyze state speedy-trial claims under the same four *Barker* factors. *Cantu v. State*, 253 S.W.3d 273, 280 n.16 (Tex. Crim. App. 2008).

[7] Hernandez points to the above-quoted exchange between his trial counsel and the trial court in claiming that he did, in fact, raise an issue as to his constitutional right to a speedy trial. *See supra* section II.A. However, the statement Hernandez points to—"I don't know for what reason the Court has just been delaying this case"—was made solely with reference to his motion to discharge his trial counsel and represent himself. At no point did Hernandez request that the trial court dismiss the case for a violation of his speedy-trial rights.

1993, no pet.)). Mere assertions in an appellate brief are not enough. *Id.* (citing *Serna*, 882 S.W.2d at 890).[8] Because Hernandez did not assert his right to a speedy trial at the trial court, he has not preserved this issue for our review. *See id.*; TEX. R. APP. P. 33.1. His fifth issue is therefore overruled.

## III. CONCLUSION

We need not address Hernandez's remaining issues because those issues, if sustained, would result in no greater relief than is otherwise provided by our disposition of Hernandez's second issue. *See* TEX. R. APP. P. 47.1; *Gearhart v. State*, 122 S.W.3d 459, 467 (Tex. Crim. App. 2003) (noting that, when case is reversed for factual sufficiency, remand for new trial is appropriate); *Ramirez v. State*, 301 S.W.3d 410, 422 (Tex. App.–Austin 2009, no pet.) (remanding for new punishment trial upon sustaining appellant's issue that he was afforded ineffective assistance of counsel at the punishment phase of trial).

We reverse the judgment of the trial court and remand once again for a new punishment trial.

_____
DORI CONTRERAS GARZA,
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
12th day of August, 2010.

_____

[8] In *Grimaldo v. State*, we noted that there is "a split of authority as to whether an accused waives a speedy trial claim by raising it for the first time on appeal." 130 S.W.3d 450, 453 (Tex. App.–Corpus Christi 2004, no pet.) (citing *Wade v. State*, 83 S.W.3d 835, 838 (Tex. App.–Texarkana 2002, no pet.)). We further noted that "[t]he few cases considering a speedy trial claim for the first time on appeal have done so because of *Barker*'s language that failure to assert a speedy trial claim is only one factor to be considered." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 528 (1972)). We concluded, however, that "[t]here is no indication the *Barker* court intended to abrogate the long-standing rule requiring an accused to object at trial to preserve an issue on appeal." *Id.* (citing *Wade*, 83 S.W.3d at 838; TEX. R. APP. P. 33.1).