**Reversed and Remanded and Majority and Dissenting Opinions filed May 1, 2012.**



**In The**

# Fourteenth Court of Appeals

———————————————

**NO. 14-11-00344-CR**

———————————————

**WEYLIN W. ALFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1289552**

## DISSENTING OPINION

In my opinion, the trial court did not abuse its discretion when it denied appellant's request for self-representation. Accordingly, I respectfully dissent.

The right to self-representation does not attach until it has been "clearly and unequivocally asserted." *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). Once asserted, the trial judge must inform the defendant about the dangers and disadvantages of self-representation. *Id.* Courts indulge every reasonable presumption against waiver and do not presume acquiescence in the loss of fundamental rights. *Id.*

Accordingly, a two-step analysis is appropriate. Step one: Did the defendant clearly and unequivocally assert his right to self-representation? Step two: If so, did the trial judge adequately inform the defendant about the dangers and disadvantages of self-representation so that the record establishes that the defendant knew what he was doing and his choice was made with eyes open? *See id.*

In the present case, the Majority Opinion focuses on step two.[1] In my opinion, in a proper analysis, we never get to step two because step one has not been satisfied; in my opinion, based upon the totality of circumstances shown by the record, the trial court could reasonably have concluded that appellant did not "clearly and unequivocally" invoke his right to self-representation.

On the day before trial, appellant filed a pro se motion asking the trial court to: (1) dismiss appellant's court appointed counsel, and (2) appoint new counsel for appellant. In the motion, appellant complained that his appointed counsel had been disrespectful and he had not taken affirmative actions to protect appellant's rights; appellant sought new counsel in order to assure he received reasonably effective assistance of counsel. Apparently upon being informed that the trial judge had denied his motion, on the day of trial, appellant told the judge: "I want to represent myself in the trial, sir." This one statement cannot be taken alone or out of context. *See DeGroot v. State*, 24 S.W.3d 456, 458 (Tex. App.—Corpus Christi 2000, no pet.). The trial judge properly proceeded to ask questions of appellant about his reasons for wanting to represent himself in order to determine whether appellant was clearly and unequivocally seeking to proceed without the assistance of an attorney:

THE COURT: Why would you want to do that?

---

[1] The Majority Opinion follows the path chosen by the State, pointing to the State's argument in its brief that appellant unequivocally invoked his right to self-representation, so the issue presented is whether appellant later abandoned his request. We, of course, are not bound by the State's approach to analysis.

2

THE DEFENDANT: I have no confidence and no trust in this lawyer that I was appointed….

….

THE COURT: Why not?

THE DEFENDANT: …. I don't have any confidence in him for what he's presenting in front of me in the past.

THE COURT: Why not?

….

THE COURT: I don't understand what the confidence is that you're lacking in Mr. Ruzzo.

THE DEFENDANT: It's a numerous amount of things, Your Honor. I mean, I've asked him to do, you know, a few things as far as, you know, the value of my rights in my case.

THE COURT: The value of your rights?

THE DEFENDANT: Yeah.

….

THE DEFENDANT: This is what I'm saying as far as my lawyer…. I've asked him before we came in here about, you know, the private investigator. He showed me a motion for that….

….

THE DEFENDANT: He just now[2] showing me motions right now today. You know, I've asked him numerous amount of times for copies of the motions that he's filed.

….

THE DEFENDANT: You know, he said he filed a motion for a private investigator. Why haven't the private investigator spoke with me?

---

[2] The reporter's record uses the word "not" here, but context indicates that the actual word spoken was "now."

3

….

THE DEFENDANT: He's not showing me no paperwork to support what he's saying.

….

THE DEFENDANT: Me being aware, you know, I'm saying me being aware that he's doing something by him telling me he's doing something and then showing me some paperwork, it's two different stories to me.

THE COURT: Again, Mr. Alford, step back…. What is it — if you were just somebody sitting here listening to this discussion, what do you think a lawyer should be doing for that individual?

THE DEFENDANT: If I asked him — if you're my lawyer and I ask you for the paperwork that you filed for my innocence of the case, I would — if I was your lawyer, I would present it to you, Your Honor, sir.

THE COURT: So, the motion for discovery is filed. He hasn't showed you a copy of it?

THE DEFENDANT: He hasn't gave me a copy. He's just now showing me this.

THE COURT: Okay.

THE DEFENDANT: It's been times he told me he hasn't filed any motions at all.

THE COURT: The motion for discovery of exculpatory evidence?

THE DEFENDANT: I've got mixed emotions here. That's all I'm saying.

THE COURT: Motion in limine.

THE DEFENDANT: I've got mixed emotions. I'm just now seeing some of this today.

THE COURT: Well, let's go back to my original question. Tell me what you know about the criminal justice system…. Education in which you're able to represent yourself?

THE DEFENDANT: I've told you, sir, I feel like it got more to do with the representation of a person.

4

At that point, the trial judge announced that he was denying appellant's request to represent himself without the assistance of counsel.

The context of appellant's one-sentence statement, that he wanted to represent himself at trial, was clearly his dissatisfaction with his attorney—a dissatisfaction mainly based on appellant's misconception that his attorney had filed no motions and was not representing appellant's interests. When it became clear that his attorney had in fact taken actions on his behalf—as appellant was reviewing the filed motions for the first time—appellant told the trial judge: "I've got mixed emotions here. That's all I'm saying…. I've got mixed emotions. I'm just now seeing some of this today." And when the judge went back to his original inquiry regarding whether appellant's background supported his ability to represent himself without assistance of counsel, appellant's response reinforced that his pro se request was motivated not by a clear and unequivocal desire to proceed without counsel, but rather by his prior feelings that his attorney had not done right by him ("I've told you, sir, I feel like it got more to do with the representation of a person"). Now that appellant was being shown documentary proof that his attorney had taken affirmative steps in his favor, appellant admitted he had "mixed emotions."

In my opinion, based upon the totality of the circumstances shown by the record, the trial court could have reasonably concluded that appellant had not clearly and unequivocally invoked his right to self-representation. *See DeGroot*, 24 S.W.3d at 458–61; *Richards v. State*, No. 01-88-00835-CR, 1990 WL 11976 (Tex. App.—Houston [1st Dist.] Feb. 15, 1990, pet ref'd) (not designated for publication). The trial court did not abuse its discretion when it denied appellant's request.

I would overrule appellant's sole issue and affirm the judgment.


/s/    Margaret Garner Mirabal
    Senior Justice


Panel consists of Justices Seymore, Boyce, and Mirabal.[3] (Boyce, J., Majority)

Publish — TEX. R. APP. P. 47.2(b).

---

[3] Senior Justice Margaret Garner Mirabal sitting by assignment.

6