

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

| | | |
|---|---|---|
| AL EARNEST BROWN, | § | No. 08-11-00347-CR |
| Appellant, | § | Appeal from the |
| v. | § | 396th Judicial District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1201261D) |
| | § | |

## **O P I N I O N**

Al Earnest Brown appeals the trial court's judgment convicting him of the sexual assault of

Lauren Zelt and sentencing him to 60 years' imprisonment.   In three issues, Brown contends that

the trial court erred by denying his motion for mistrial and his request to represent himself and by

refusing to instruct the jury on a lesser-included offense.   We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

While Zelt slept at Brown's home, he sexually assaulted her by penetrating her vagina with

his finger.   Brown photographed the assault and had the photographs developed.[1]   After he was

assigned to investigate, Fort Worth Police Officer Mark Bowman contacted Zelt, who informed

him initially that she did not want to press charges against Brown.   At trial, Bowman testified that

---

[1] Brown also took photographs of Zelt's exposed vagina.

Zelt revealed to him that she was hesitant to press charges against Brown because she was "nervous about" Brown's "past." Defense counsel objected to Bowman's testimony on the basis that it impermissibly referred to "extraneous bad acts, previous bad acts." The trial court sustained the objection and instructed the jury to disregard this portion of Bowman's testimony. The trial court, however, denied defense counsel's request for a mistrial.

After the State's first witness was sworn in at punishment, but before the witness could testify, Brown complained to the trial court that he was dissatisfied with his counsel for failing to object to the witness's presence. Brown also informed the court that he wanted to argue several motions he had drafted because the court had not yet ruled on two pending matters. The trial judge admonished Brown that his counsel had no duty to take action on frivolous motions. The following colloquy then ensued:

> [BROWN]:   I'd like – at this time I'd like to fire my attorney.
>
> [THE COURT]:   Well, I understand, but –
>
> [BROWN]:   Because I'd like to represent myself at this time so I can file my motion in my name, Al Earnest Brown.
>
> [THE COURT]:   Now that the trial has begun –
>
> [BROWN]:   Yes, sir.
>
> [THE COURT]:   – you are not allowed to fire your lawyer during the middle –
>
> [BROWN]:   I would like to represent myself with him being co-defendant (sic) to me.
>
> [THE COURT]:   Okay.

Brown then argued why his motions should be granted. After denying each motion, the trial judge told Brown that the trial was "going forward" and instructed the State to proceed.

2

**MOTION FOR MISTRIAL**

In his first issue, Brown asserts that the trial court should have granted a mistrial because Officer Bowman improperly interjected "adverse and inadmissible [extraneous] matters" by testifying that Zelt told him that she was scared of Brown, "*given his past*." Although the trial court sustained Brown's objection at trial that Bowman's statement violated the trial court's order *in limine* and admonished the jury to disregard the statement, Brown complains on appeal that the trial court's denial of his request for a mistrial was erroneous because Bowman's statement was so prejudicial as to be incurable. We disagree.

### *Standard of Review*

We review the trial court's denial of a motion for mistrial for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 292 (Tex.Crim.App. 2010), *cert. denied*, --U.S.--, 131 S.Ct. 3030, 180 L.Ed.2d 846 (2011). If the trial court's ruling is within the zone of reasonable disagreement, it must be upheld. *Id*.

### *Applicable Law*

A mistrial is required only in extreme circumstances where the prejudice is incurable. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004). Prejudice is incurable when the objectionable material is clearly calculated to inflame the minds of the jury or was of such a damaging character as to suggest it would be impossible to remove the harmful impression from the jurors' minds. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999); *Rojas v. State*, 986 S.W.2d 241, 250 (Tex.Crim.App. 1998).

To determine whether prejudice is incurable, we apply a three-factor balancing test. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998), *cert. denied*, 526 U.S. 1070, 119

3

S.Ct. 1466, 143 L.Ed.2d 550 (1999). We look at: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the remark); (2) the curative measures taken (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Id.*

An instruction to disregard ordinarily renders testimony referring to or implying extraneous offenses harmless. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992). Further, the trial judge's instructions to the jury to disregard are generally considered sufficient to cure the improper testimony because we presume the jury will follow the judge's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex.Crim.App. 2009).

### *Discussion*

Brown has failed to establish that Officer Bowman's comment concerning Zelt's initial hesitancy in pressing charges was so prejudicial as to be incurable. Brown maintains that this testimony "was neither relevant to nor explanative of any material contested issue of fact or law, other than showing [generally] [his criminal propensities]." Brown's argument is unpersuasive. When analyzed under the three-factor test articulated in *Mosley*, it is evident that Officer Bowman's testimony is not so prejudicial as to be incurable.

First, the magnitude of the prejudicial effect of Officer Bowman's statement was minimal. Although Officer Bowman's statement can be construed as referring to or implying extraneous offenses, the fact remains that it did not reveal any specific or particular extraneous offense. Moreover, the trial court found that Bowman "blurted" his statement without being elicited to do so by the State.

Second, Brown is unable to show the trial court's instruction to disregard was not effective

4

in curing the prejudice from Officer Bowman's testimony. As noted above, an instruction to disregard ordinarily renders testimony referring to or implying extraneous offenses harmless. *See Kemp*, 846 S.W.2d at 308. Therefore, we must presume that the trial court's admonishment was effective. *See Coble*, 330 S.W.3d at 292. Brown does not point to anything in the record that rebuts this presumption. *See Gamboa*, 296 S.W.3d at 580. Further, during the guilt or innocence phase of his trial, Brown testified to having been previously convicted of various offenses in Texas and Oklahoma. Arguably, if prejudice occurred due to Officer Bowman's remark, it is subsumed by Brown's testimony concerning his prior criminal history.

Third, the certainty of Brown's conviction absent Officer Bowman's inadvertent remark is high. As Brown himself points out in his brief, Officer Bowman's testimony explaining why Zelt initially hesitated in pressing charges was not relevant to proving whether he sexually assaulted her. However, the evidence proving that Brown sexually assaulted Zelt was so strong as to be overwhelming. Officer Bowman testified that when he interviewed Brown, Brown admitted to taking the photographs of Zelt's vagina as she lay sleeping. Brown's live-in-girlfriend at the time testified that Brown showed her photographs of him "doing things to [Zelt]" while Zelt was sleeping and admitted to photographing Zelt. Brown testified that when Fort Worth Police Detective Kerry Adcock interviewed him, he admitted to Detective Adcock that he had penetrated Zelt's vagina with his finger and taken photographs of her. According to Brown, Zelt had given him permission to do so. Zelt testified that she had not given Brown permission.

In support of his argument that his conviction should be overturned because the extraneous offenses to which Bowman alluded were not relevant to any issue in the case but served only to show his criminal propensity, Brown cites twelve cases addressing the erroneous admission of

5

extraneous-offense evidence under Rules of Evidence 404(b) and its harmfulness under Rules of Appellate Procedure 44.2(b). *See*, *e.g.*, *Pavlacka v. State*, 892 S.W.2d 897 (Tex.Crim.App. 1994); *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App. 1991)(opin. on reh'g); *Bass v. State*, 222 S.W.3d 571 (Tex.App.--Houston [14th Dist.] 2007), *rev'd*, 270 S.W.3d 557 (Tex.Crim.App. 2008); *Johnson v. State*, 84 S.W.3d 726 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd). Brown's reliance on these cases is misplaced. The issue in this case is not whether the trial court erred in admitting extraneous offense-evidence over objection, as it was in the cases cited by Brown, but whether the trial court erroneously denied a request for mistrial after sustaining an objection to extraneous offense-evidence and instructing the jury to disregard. In his brief, Brown neither addresses the issue nor cites any relevant authority.

We conclude that the trial court did not abuse its discretion by denying Brown's motion for mistrial. Brown's first issue is overruled.

## RIGHT OF SELF-REPRESENTATION

In his second issue, Brown argues that the trial court violated his right to represent himself at punishment as guaranteed by the U.S. and Texas Constitutions and the Texas Code of Criminal Procedure. *See* U.S. CONST. amends. VI, XIV; TEX.CONST. art. I, §§ 10, 19; TEX.CODE CRIM.PROC.ANN. arts. 1.04, 1.05, 1.051, 26.04 (West 2005 & West Supp. 2012). The State contends that the trial court did not curtail Brown's right to represent himself because Brown never asserted the right clearly and unequivocally. We agree.

### *Standard of Review*

We review the factual issue of whether a defendant has clearly and unequivocally invoked the right to self-representation for abuse of discretion. *DeGroot v. State*, 24 S.W.3d 456, 457-58

(Tex.App.--Corpus Christi 2000, no pet.).  In so doing, we view the evidence in the light most favorable to the trial court's ruling and will imply any findings of fact supported by the record and necessary to affirm the trial court's ruling when, as here, the trial court did not make explicit findings.  *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex.Crim.App. 2010).

### *Applicable Law*

A defendant has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so.  U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); *Williams v. State*, 252 S.W.3d 353, 356 (Tex.Crim.App. 2008).  To invoke the right of self-representation, the defendant must clearly and unequivocally assert it.  *Hathorn v. State*, 848 S.W.2d 101, 123 (Tex.Crim.App. 1992).  In determining whether the right was clearly and unequivocally asserted, a defendant's statement cannot be taken alone or out of context.  *DeGroot*, 24 S.W.3d at 458.  However, a defendant's mere dissatisfaction with appointed counsel or a request for hybrid representation does not establish a clear and unequivocal assertion of the right of self-representation.  *See Saldaña v. State*, 287 S.W.3d 43, 55 (Tex.App.--Corpus Christi 2008, pet. ref'd); *Cain v. State*, 976 S.W.2d 228, 235-36 (Tex.App.--San Antonio 1998, no pet.).  Once a defendant asserts his right to self-representation clearly and unequivocally, the trial court must admonish him about the dangers and disadvantages of self-representation.  *Faretta*, 422 U.S. at 835, 955 S.Ct. at 2541; *Birdwell v. State*, 10 S.W.3d 74, 78 (Tex.App.--Houston [14th Dist.] 1999, pet. ref'd).  Thereafter, if the defendant persists in seeking to proceed *pro se*, the trial court must allow him to do so.  *Burgess v. State*, 816 S.W.2d 424, 428-29 (Tex.Crim.App. 1991).

### *Discussion*

7

As shown above, Brown never made a clear and unequivocal request to represent himself. When Brown's request to represent himself is viewed in context, and not in isolation, it is evident that his request is one for hybrid representation: to be allowed to argue several motions drafted by him and to have appointed counsel help represent him.[2] Brown's dissatisfaction with appointed counsel for failing to prosecute motions drafted by him and his request for hybrid representation did not establish a clear and unequivocal assertion of his right to self-representation. *See Saldaña*, 287 S.W.3d at 55; *Cain*, 976 S.W.2d at 235-36. In the absence of a clear and unequivocal assertion of his right to self-representation, the trial court did not abuse its discretion by denying Brown's request. Brown's second issue is overruled.

## CHARGE ERROR: LESSER-INCLUDED OFFENSE

In his third and final issue, Brown contends that the trial court erred by refusing to instruct the jury on the lesser-included offense of improper photography. We disagree.

### *Standard of Review*

We review charge error on appeal by determining whether error occurred, and if so, whether that error caused sufficient harm to require reversal. *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex.Crim.App. 2005). The degree of harm required for reversal depends on whether the defendant preserved error at trial. *Id*. at 743. When, as here, the defendant preserves error at trial by timely objection, the record must establish only "some harm" to obtain reversal. *Id*.

### *Applicable Law*

The Code of Criminal Procedure states, in part, that "[a]n offense is a lesser included

---

[2] The Court of Criminal Appeals has held that there is no constitutional right in Texas to hybrid representation; however, a trial court has the discretion to allow standby counsel. *Landers v. State*, 550 S.W.2d 272, 280 (Tex.Crim.App. 1977)(opin. on reh'g); *Webb v. State*, 533 S.W.2d 780, 784 n.2 (Tex.Crim.App. 1976); *see also McKaskle v. Wiggins,* 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984)(stating there is no constitutional right to hybrid representation).

offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" TEX.CODE CRIM.PROC.ANN. art. 37.09(1)(West 2006). To determine if a defendant is entitled to an instruction on a lesser-included offense, we apply a two-prong test. *Sweed v. State*, 351 S.W.3d 63, 67 (Tex.Crim.App. 2011).

First, the lesser-included offense must include the proof necessary to establish the offense charged. *Id*. at 68. In other words, the lesser-included offense is necessarily included in the offense charged only where the statutory elements of the lesser-included offense are a subset of the elements of the charged offense. In ascertaining whether this is the case, "we . . . compare the statutory elements and any descriptive averments in the indictment for the greater offense with the statutory elements of the lesser offense." *Id*. We are mindful that "the evidence produced at trial does not determine the lesser-included offense[]." *Id*. Second, some evidence must exist "from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense." *Id.* "The evidence must establish the lesser-included offense as 'a valid rational alternative to the charged offense.'" *Id*., *citing Segundo v. State*, 270 S.W.3d 79, 90-91 (Tex.Crim.App. 2008). In making this decision, "[w]e review all of the evidence presented at trial." *Id*.

### *Discussion*

Improper photography is not a lesser-included offense of sexual assault by digital penetration. A person commits the offense of improper photography if he "photographs . . . a visual image of another at a location that is not a bathroom or private dressing room without the other person's consent; and with intent to arouse or gratify the sexual desire of any person." TEX.PENAL CODE ANN. § 21.15(b)(1)(West 2011). As charged in the indictment in this case, a

9

person commits the offense of sexual assault by digital penetration if he "intentionally or knowingly . . . causes the [digital] penetration of the . . . sexual organ of another person by any means, without that person's consent . . . [knowing] the other person is unconscious or physically unable to resist . . . [or] . . . [knowing] the other person is unaware that the sexual assault is occurring." *Id*. at § 22.011(a)(1)(A) & (b)(3),(5)(West 2011). In comparing the elements of the offenses of sexual assault and improper photography, it is evident that they do not share analogous *actus reuses*. The *actus reus* of sexual assault by digital penetration is the *penetration of the victim's sexual organ* without the victim's consent. In contrast, the *actus reus* of improper photography is *photographing the victim for sexual gratification* without the victim's consent. Because the proof establishing improper photography is not subsumed by the proof establishing sexual assault by digital penetration, the State was not required to prove the offense of improper photography to prove the offense of sexual assault by digital penetration. Brown has thus failed to show that if he is guilty, he is guilty only of improper photography. We therefore conclude that the trial court did not err in refusing to instruct the jury on the lesser-included offense of improper photography.

Brown asserts, by operation of Section 21.15(d) of the Penal Code, improper photography is a lesser-included offense of sexual assault. Section 21.15(d) provides that "[i]f conduct that constitutes an offense under [the statute criminalizing improper photography] also constitutes an offense under any other law, the actor may be prosecuted under [the statute criminalizing improper photography] or the other law." TEX.PENAL CODE ANN. § 21.15(d). Brown's argument is unpersuasive, however, because it ignores Article 37.09 of the Code of Criminal Procedure, which sets forth the four statutory factors employed in determining whether an offense constitutes a

10

lesser-included offense of the offense charged. *See* TEX.CODE CRIM.PROC.ANN. art. 37.09 (West 2006).[3] As established above, when evaluated under Article 37.09(1), improper photography is not a lesser-included offense of sexual assault.

Brown's third and final issue is overruled.

## CONCLUSION

Having overruled all three of Brown's issues, we affirm the trial court's judgment.

March 28, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

---

[3] In its entirety, Article 37.09 reads:

An offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise included offense.