

In The

# Eleventh Court of Appeals

_____

## No. 11-10-00272-CR

_____

## TROY ROBINSON A/K/A TROY O'NEAL ROBINSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9453-D**

## O P I N I O N

Following a plea of not guilty, appellant, Troy Robinson a/k/a Troy O'Neal Robinson, was convicted by a jury of delivery of cocaine in a drug-free zone. At the punishment phase, appellant pleaded true to two prior felony convictions. The trial court assessed punishment at confinement for a term of forty years.[1]

Appellant presents four issues on appeal. In his first and third issues, appellant asserts that the trial court abused its discretion by denying appellant's request to represent himself and

---

[1]We note that the judgment incorrectly states that the jury assessed appellant's punishment. The record reflects that the trial court assessed punishment.

by denying his motion for new trial. In his second issue, appellant challenges the legal sufficiency of the evidence to support a finding of a drug-free zone. In his final issue, appellant argues that the cumulative harm of the errors denied him a fair trial. We affirm.

## Background Facts

Officer Ken Robinson worked undercover in the Special Operations Division of the Abilene Police Department, making controlled purchases of narcotics. Officer Robinson contacted appellant and his son, Justin Robinson, on December 28, 2009. Two days later, Officer Robinson contacted Justin and arranged to buy cocaine in the parking lot at the intersection of 12th Street and Grape Street. There was a small shopping center there, and Franklin Middle School was located a block away.

Officer Robinson saw appellant arrive; Justin was in the passenger seat. When Officer Robinson pulled over to appellant's car, appellant stepped out of the vehicle and opened the hood. Appellant told Officer Robinson that the cocaine was inside a cup placed on the ground. Officer Robinson refused to get out of the vehicle; appellant picked up the cup and drove to the back of the building. There, Officer Robinson pulled up next to Justin, who was still in the passenger side. Justin handed him the cup with the drugs in exchange for $150.

Appellant was indicted on two counts of delivery and possession of more than one gram but less than four grams of cocaine within 1,000 feet of a school. For enhancement purposes, the indictment included two prior felony convictions for burglary of a building. The jury found appellant guilty of count one of the indictment and, in answer to a special issue in the jury charge, found the offense was committed in a drug-free zone. Appellant elected to have the trial court assess punishment. Appellant pleaded true to the enhancement allegations, and the trial court assessed punishment at confinement for forty years. The trial court denied appellant's motion for new trial after hearing evidence on the motion.

## Sufficiency of the Evidence

In his second issue, appellant argues that the evidence is insufficient to support the jury's finding that the offense of delivery of cocaine occurred in a drug-free zone. We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of

the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found, beyond a reasonable doubt, that Franklin Middle School was a school as defined in the jury charge. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We afford almost complete deference to the jury's determinations of credibility and resolve any inconsistencies in the evidence in favor of the verdict. *Jackson*, 443 U.S. at 326; *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Appellant argues that there was insufficient evidence that Franklin Middle School was a school as defined in the jury charge because, at the time of the offense, Franklin Middle School was not in operation. The trial court's charge to the jury gave the following definitions:

> "Drug Free Zone" means in, on, or within one thousand feet (1,000') of the premises of a school.

> "Premises" means real property and all buildings and appurtenances pertaining to the real property.

> "School" means a private or public elementary or secondary school.

Because the State must prove the offense occurred within 1,000 feet of a "school" for the evidence to be legally sufficient, we must define "school" before reviewing the evidence. When construing a statute, we give effect to the plain meaning of the text where possible. *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011). The applicable statute defines a "school" as a private or public elementary or secondary school. TEX. HEALTH & SAFETY CODE ANN. § 481.134(a)(5) (West Supp. 2012). Black's Law Dictionary defines "school" as "[a]n institution of learning and education." BLACK'S LAW DICTIONARY 1463 (9th ed. 2009). Neither the dictionary nor the statutory definition of "school" depends on the school being currently in session. Therefore, the plain language of the statute makes apparent that a person need only deliver a controlled substance within 1,000 feet of a school (or its premises) to have committed the offense in a drug-free zone. "[T]he name of the premises alone may be sufficient to raise a presumption that it is a private or public elementary or secondary school." *Young v. State*, 14 S.W.3d 748, 754 (Tex. Crim. App. 2000). In *Young*, two officers testified that the premises in question were those of a school, and one of the officers testified to the distance between the premises and the offense. *Id.* at 753–54.

To prove appellant delivered cocaine within a drug-free zone, the State elicited testimony from three police officers involved in the undercover operation. Officer Robinson purchased the cocaine and described the location where he met appellant and Justin, stating "[t]here is a school just a block west, Franklin Middle School." Officer David "D.D." Gray testified that the actual distance between the school and the location of the offense was approximately 228 feet. David Gage, a former sergeant with the Abilene Police Department, worked as part of the undercover team. On direct examination, he stated that Officer Robinson and appellant were "between the old Franklin Middle School and the shopping center." Gage further verified that Franklin Middle School was still owned by the school district, even though it was not in use. As the factfinder, the jury was the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks*, 323 S.W.3d at 899; *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). The jury was free to believe or disbelieve all or any part of the testimony. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). We conclude a rational jury could have determined beyond a reasonable doubt that Franklin Middle School was a school as defined in the jury charge. Appellant's second issue is overruled.

### Right of Self-Representation

In his first issue, appellant complains that he did not effectively waive his right to self-representation. The State contends that appellant never made a clear and unequivocal assertion of that right, and even if he did, appellant withdrew his request. We review the factual issue of whether a defendant has clearly and unequivocally invoked the right to self-representation for an abuse of discretion. *DeGroot v. State*, 24 S.W.3d 456, 457–58 (Tex. App.—Corpus Christi 2000, no pet.). We view the evidence in the light most favorable to the trial court's ruling and will imply any findings of fact supported by the record. *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010).

A defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Faretta v. California*, 422 U.S. 806, 819 (1975); *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). This right of self-representation is implicit in the Sixth Amendment, but it is not absolute. *Faretta*, 422 U.S. at 834 n.46. The defendant must clearly and unequivocally assert the right to self-representation, thereby waiving the right to counsel guaranteed by the Sixth Amendment. *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App.

4

1992); *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986); *see Brewer v. Williams*, 430 U.S. 387, 404 (1977) (holding that courts must consider every reasonable presumption against waiver of counsel). Once asserted, the trial court must advise the accused of the consequences of self-representation. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984). If, after the trial court's admonishments, the accused elects to continue pro se, he should be allowed to do so provided the asserted right to self-representation is unconditional and not asserted to disrupt or delay proceedings. *Id.* at 585.

After asserting his right to self-representation, a defendant may waive it by his subsequent conduct. *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) (citing *Chapman v. United States*, 553 F.2d 886, 893 & n.12 (5th Cir. 1977)). The trial court may find a waiver of the right where it reasonably appears that the defendant has abandoned his initial request to represent himself or is vacillating on the issue. *Id.*

Appellant argues he did not effectively withdraw his request for self-representation. We disagree. The record shows the trial court appointed an attorney to represent appellant, but appellant subsequently submitted two motions pro se—a motion to dismiss counsel and a motion for self-representation. In his motion for self-representation, appellant only requested hybrid representation: to appear "partially pro se and partially by counsel."[2] The trial court held a hearing on the matter, during which it admonished appellant according to the requirements in *Faretta*, to determine whether appellant was "clearly and unequivocally" asserting his right to represent himself knowing of the dangers and disadvantages. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2012); *Williams*, 252 S.W.3d at 356; *Funderburg*, 717 S.W.2d at 642. During the hearing, appellant vacillated on the issue before ultimately consenting to representation:

> THE COURT: All right. Mr. Robinson, I understand that you wish to represent yourself and you do not wish [to] go forward with an attorney. Is that correct?
>
> THE DEFENDANT: Yes, sir, but I would like to have me a standby attorney.

---

[2]The Texas Court of Criminal Appeals has held that there is no constitutional right in Texas to hybrid representation; however, a trial court has the discretion to allow standby counsel. *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (op. on reh'g); *Webb v. State*, 533 S.W.2d 780, 784 n.2 (Tex. Crim. App. 1976); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (stating there is no constitutional right to hybrid representation).

> THE COURT: All right. Now, the law says -- of course, you are entitled to that. The law, though, requires that I make an inquiry of you that is fairly extensive before I decide on that request. You understand that, sir?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: Do you wish to have [counsel] represent you?
>
> THE DEFENDANT: If he gonna act right, if he gonna do the right thing.
>
> . . . .
>
> THE COURT: So we are here again, one last time, do you want [counsel] to represent you at trial, or do you want to go forward on your own with just him sitting as a -- to give you advice when you ask him during trial?
>
> THE DEFENDANT: (Crying.) I guess I'll let him represent me.

Appellant's dissatisfaction with appointed counsel and his request for hybrid representation did not establish a clear and unequivocal assertion of his right to self-representation. *See Saldaña v. State*, 287 S.W.3d 43, 55 (Tex. App.—Corpus Christi 2008, pet. ref'd); *Cain v. State*, 976 S.W.2d 228, 235–36 (Tex. App.—San Antonio 1998, no pet.). Viewing the motion and the hearing as a whole, appellant did not clearly and unequivocally assert his right to self-representation. Appellant requested standby counsel and subsequently withdrew that request, consenting to representation by appointed counsel. In the absence of a clear and unequivocal assertion of his right to self-representation, the trial court did not abuse its discretion in denying appellant's request. Appellant vacillated on the issue and ultimately chose representation. Appellant's first issue is overruled.

*Denial of Appellant's Motion for New Trial*

In his third issue, appellant argues that the trial court erred in denying his motion for new trial. After hearing evidence on his motion, the trial court denied the motion. We review a trial court's ruling on a motion for new trial for an abuse of discretion. *State v. Herndon*, 215 S.W.3d 901, 906–07 (Tex. Crim. App. 2007).

Appellant contends that the prosecution prevented a material witness, Justin, from testifying. Under Rule 21.3(e) of the Texas Rules of Appellate Procedure, a defendant must be granted a new trial "when a material defense witness has been kept from court by force, threats,

or fraud." TEX. R. APP. P. 21.3(e). However, there is nothing in the record suggesting the prosecution breached its duties. *See* TEX. CODE CRIM. PROC. ANN. art. 2.01 (West 2005) (a district attorney "shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused"). Appellant's son invoked his Fifth Amendment right and did not testify at appellant's trial. A prosecutor risks reversible error by calling a witness who has invoked the privilege. *See Namet v. United States*, 373 U.S. 179, 188–89 (1963). A defendant has no right to have a witness assert his Fifth Amendment privilege against self-incrimination in the presence of the jury. *Ellis v. State*, 683 S.W.2d 379, 382 (Tex. Crim. App. 1984). Neither the prosecution nor the defense could call Justin to testify once he invoked his right against self-incrimination.

At the hearing on the motion for new trial, appellant questioned the prosecutor regarding the plea bargain offered to Justin. The prosecution admitted to withholding a final plea agreement until hearing Justin's testimony at appellant's trial. Such actions are within the broad discretion of the prosecution. *See Wayte v. United States*, 470 U.S. 598, 607–08 (1985); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). We view the evidence in the light most favorable to the trial court's ruling and find an abuse of discretion only when no reasonable view of the record could support that ruling. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). Appellant has failed to show that the trial court abused its discretion when it denied his motion for new trial. Appellant's third issue is overruled.

*Cumulative Error Doctrine*

Appellant argues in his last issue that the cumulative effect of the errors resulted in an unfair trial. We have found no errors affecting appellant's substantial rights. While a number of errors may be harmful in their cumulative effect, non-errors cannot in their cumulative effect cause error. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999).

Appellant argues in the alternative that the prosecutor improperly questioned him on cross-examination in violation of Texas Rule of Evidence 609(b) because the prosecutor asked him about prior felony convictions that were over ten years old. TEX. R. EVID. 609(b). Appellant did not preserve this complaint for appeal. To preserve a complaint for our review, a timely and specific request, objection, or motion is required. TEX. R. APP. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238 (Tex. Crim. App. 2009). Moreover, appellant's argument is without merit. Once appellant took the witness stand in his own defense, he was subject to the same rules as any

7

other witness and could be "impeached, contradicted, made to give evidence against himself, cross-examined on new matters, and treated in every respect as any other witness." *Harper v. State*, 930 S.W.2d 625, 630–31 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Appellant's counsel opened the door to the prosecutor's line of impeachment questioning when his counsel asked whether appellant had "prior problems with the law." Appellant's fourth issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

September 27, 2012

Publish. *See* Tex. R. App. P. 47.2(b).

Panel[3] consists of: Wright, C.J.,
McCall, J., and Hill.[4]

---

[3]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[4]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.



**In The**

# Eleventh Court of Appeals

_____

## No. 11-10-00272-CR

_____

## TROY ROBINSON A/K/A TROY O'NEAL ROBINSON, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9453-D**

## DISSENTING OPINION

I respectfully dissent because a rational jury could not have determined beyond a reasonable doubt that a building owned by a school district, which had formerly been used as a middle school but which was not being used as a school at the time of the offense, was a school, where there was no evidence as to whether the non-use of the premises as a school was permanent or temporary. As the majority notes, "school" is defined as a private or public elementary or secondary school. The only reasonable conclusion one can reach is that a building that is a former school that is not being used as a school at the time of the offense is not a school for purposes of the drug-free zone section relied upon in this case, unless its non-use is temporary, such as for a recess or holiday.

In reaching the conclusion that the jury could have reasonably determined that the building in question was a school, the majority relies upon the opinions in *Young v. State*, 14 S.W.3d 748, 754 (Tex. Crim. App. 2000); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008); and *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). I find all of these cases to be distinguishable.

In *Young*, the court held that the evidence was sufficient to show that the location in question was near a school where two officers testified that the premises in question was a school and a map was presented showing that the offense was committed near a school. *Young*, 14 S.W.3d at 753–54. While, as noted by the majority, the *Young* court held that the name of the premises alone might be sufficient to create a presumption that it is a school, in this case the State presented evidence that rebutted such a presumption by eliciting testimony that the building was still owned by the school district even though it was not being used "at that moment." In *Young*, no evidence was presented that would show the premises in question was not being used as a school at the time of the offense.

The other cases cited are cases that show that we, as the reviewing court, are to defer to the jury's credibility and weight determinations. *Brooks*, 323 S.W.3d at 899; *Bartlett*, 270 S.W.3d at 150 n.5; *Beardsley*, 738 S.W.2d at 684. I agree with these courts that we are required to give such deference to the jury's verdict. However, the test for determining the sufficiency of the evidence requires that we not give such deference where, as here, a rational factfinder could not have made the determination it made beyond a reasonable doubt. Neither Robinson nor the State developed evidence from which one could reasonably determine whether Franklin Middle School was a school at the time in question. Instead, after two officers testified that Franklin Middle School was a school within the proper distance, a third officer, a police sergeant, testified that the building was still owned by the school district but was not being used as a school "at that moment." This testimony showed that the building, although known as Franklin Middle School as shown by the testimony of the other two officers, was not in use as a middle school or any other school at the time of the offense. The State presented no testimony showing that the third officer was mistaken or that the non-use was temporary. I would suggest that where, as here, the State presents evidence that appears to clarify the status of the premises as not being a school, without presenting further evidence showing that the premises is a school, the finder of fact

10

cannot reasonably determine, beyond a reasonable doubt, that the premises is a school. I would note that *Brooks*, *Bartlett*, and *Beardsley* did not involve a sufficiency of the evidence issue in a drug-free zone case.

I agree with the majority's suggestion that a school need not necessarily be in session at the time of an offense in order to be a school for the purpose of determining whether an area is a drug-free zone. However, while this offense occurred on or about December 30, 2009, which could have been during a holiday period, the officer's testimony was that the school was not in use as a school at that time. There was no suggestion that its non-use at the time in question was because of a school holiday or other recess. I would submit that there is a difference between a school that is temporarily not in session because of a recess, such as a summer recess, or a holiday period, and one that is not in use as a school.

The State appears to suggest in its brief that the jury could reasonably find that the premises was a school because the definition of "school" in Section 481.134 of the Texas Health and Safety Code makes no requirement that the school be open. TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West Supp. 2012). However, I would suggest that a premises formerly used as a school, but no longer in use as a school, is not a school unless the non-use is shown to be temporary. The word "school" has several definitions, including "an institution where instruction is given, especially to persons under college age" and "a building housing a school." *See* DICTIONARY.COM, [http://dictionary.reference.com/browse/school?s=t](http://dictionary.reference.com/browse/school?s=t). Neither of these definitions appears to include either an institution where instruction is not given or a building that is not housing a school.

Because I find that a rational jury could not have determined beyond a reasonable doubt that the premises in question was a school, I would sustain Robinson's second issue.

September 27, 2012                                        JOHN G. HILL

Publish. *See* TEX. R. APP. P. 47.2(b).                   JUSTICE

Panel[5] consists of: Wright, C.J.,
McCall, J., and Hill.[6]

---

[5]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[6]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.