

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-13-00061-CR**
**NO. 02-13-00062-CR**
**NO. 02-13-00063-CR**
**NO. 02-13-00064-CR**

ARCHIE ATKINS                                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                               STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1277396D, 1287533R, 1287534R, 1287535R

----------

## MEMORANDUM OPINION[1]

----------

The trial court found Appellant Archie Atkins guilty of one count of assault on a public servant and three counts of robbery and sentenced him to imprisonment for fifteen years on the assault of a public servant and for twenty-five years on each of the three robberies. On appeal, Appellant argues the trial

---

[1]*See* Tex. R. App. P. 47.4.

court erred by admitting his recorded statement to the police and by not allowing him to represent himself at trial. We affirm.

## I. Background

In trial court cause number 1277396 (appellate court cause number 02-13-00061-CR), the State indicted Appellant for assault on a public servant. Tex. Penal Code Ann. § 22.01(b)(1) (West Supp. 2014).[2] In trial court cause numbers 1287533 (appellate court cause number 02-13-00062-CR), 1287534 (appellate court cause number 02-13-00063-CR), and 1287535 (appellate court cause number 02-13-00064-CR), the State indicted Appellant for the robberies of A.F, G.K., and K.K., respectively. *Id.* § 29.02(a)(2) (West 2011).[3] All four offenses allegedly occurred on the same date, April 2, 2012. All four indictments contained the same repeat offender notice.

Appellant pled not guilty to all the charges. On November 27, 2012, after hearing the evidence, the trial court found Appellant guilty of the assault on a public servant and of all three robberies. At the punishment phase, Appellant pled true to the repeat offender notice. After a break in the proceedings for the purpose of preparing a presentence investigation report, the hearing resumed on February 8, 2013. The trial court assessed Appellant's punishment at fifteen

---

[2]Section 22.01 of the Texas Penal Code was amended effective September 1, 2013. Act of May 21, 2013, 83rd Leg., R.S., ch. 875, 2013 Tex. Sess. Law Serv. 2224, 2224 (West). The amendment has no impact on Appellant's case.

[3]All three robberies were initially pled as aggravated robberies.

years' confinement for the assault on a public servant and twenty-five years' confinement on each of his robbery convictions. All four sentences run concurrently.

## II. Facts

On April 2, 2012, Appellant pulled a gun on A.F., demanded his money, but left when A.F. said he had no money. Later that same morning Appellant went into K.K. and G.K.'s donut shop and held G.K. at gunpoint, took around $300 to $400 that K.K. had removed from the cash register, and ran away. Cameras at the donut shop caught the robbery on video. A plain clothes police officer responding to broadcasts of the two robberies saw appellant, who met the general description of the suspect, getting out of an SUV and, moments later, returning to the SUV carrying a gas can. When a marked police car arrived, the plain clothes officer identified himself to Appellant as a police officer. While the officer was talking to Appellant, Appellant tried to run, so the officer grabbed Appellant from behind. Appellant responded by head-butting him, which stunned the officer and caused him to release Appellant. A foot chase followed. Appellant was eventually caught and placed under arrest.

At the police department, Appellant gave a recorded statement admitting his guilt to the robberies. During the interview, Appellant said, "I'm giving y'all this confession because I'm sorry." Appellant concluded, "Today was a bad day."

### III. First Point—Admission of Appellant's Confession

In his first point, Appellant complains that the trial court erred by admitting State's Exhibit 52, a tape-recorded interview between Appellant and the police in which Appellant confessed. He maintains his confession was involuntary or coerced, and he asserts this issue was preserved by his pro se motion to suppress.

Initially we note that Appellant attempted to present his pro se motion while represented by counsel. A defendant is not entitled to hybrid representation. *DeGroot v. State*, 24 S.W.3d 456, 458 n.1 (Tex. App.—Corpus Christi 2000, no pet.). The trial court refused to consider Appellant's pro se motions because Appellant had counsel. Additionally, when the State offered State's Exhibit 52, defense counsel stated Appellant had no objection. The statement of "no objection" generally waives any error in admitting evidence despite an earlier pretrial ruling on a motion to suppress. *See Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985), *overruled on other grounds by Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997) (overruling "as consistent with innocent activity as with criminal activity" construct when determining reasonable suspicion for temporary detention); *Smith v. State*, No. 02-09-00134-CR, 2010 WL 2720009 at *1–2 (Tex. App.—Fort Worth July 8, 2010, pet. ref'd) (mem. op., not designated for publication). Contextually the trial court did not intend to hear Appellant's pro se motion, and trial counsel did not intend to present one. *See Thomas v. State*, 408 S.W.3d 877, 885–86 (Tex. Crim. App. 2013) (providing that

4

whether statement of "no objection" forfeits earlier-preserved error is context-dependent). Because the trial court correctly refused to consider Appellant's pro se motions and because Appellant later waived any error, we overrule Appellant's first point.

## IV. Second Point—Appellant's Right to Proceed Pro Se

In his second point, Appellant contends the trial court erred by refusing to allow him to represent himself. Appellant asserts he filed a motion to proceed pro se. Appellant contends he reasserted his right to proceed pro se shortly before trial when he stated, "I'm not satisfied with [my lawyer's] representation. I don't feel comfortable going to trial with him. . . . But I have some pro se representation motions that I wrote down." Appellant argues the trial court denied him the right to file pro se motions and to proceed pro se when it told him, "You have an attorney. You can't go forward pro se."

In each of the four cases, on November 13, 2012, Appellant filed a pro se document entitled, "Declaration of Conflict Between Attorney and Client and Motion for Substitution of Appointment of Counsel." In that document, Appellant complained he was unhappy with his appointed counsel, asserted he lacked the skills to proceed pro se, and stated he wanted another attorney appointed to replace his current attorney. In his "Verification of Unsworn Declaration" at the back of that document, Appellant identified his motion as a "Motion for

Substitution of Counsel." In all four cases, Appellant filed the same motion again on November 16, 2013.[4]

At the November 27, 2012, trial on guilt-innocence, right after the State made its opening statement, the following occurred:

[DEFENSE COUNSEL]: There's a matter, though, I'd like to bring to the Court's attention. Mr. Atkins informed me, right after the State began speaking, that he believed and requested a trial before the Court because he believed he could raise his hand. And I don't know what he means by that.

THE COURT: What do you mean by that, Mr. Atkins?

THE DEFENDANT: It's my understanding I was able by trial by judge to actually speak to you on my behalf.

THE COURT: You can, but only as a witness. You can't –

THE DEFENDANT: Only as a witness?

THE COURT: Right.

THE DEFENDANT: Not during trial?

---

[4]Appellant filed a motion entitled, "Motion for Substitution of Counsel During Sentencing Phase Due to Ineffective Assistance of Counsel," on February 6, 2013—after the guilt-innocence phase of trial, which was on November 27, 2012, but two days before the punishment phase of trial. Appellant again expressed dissatisfaction with his trial counsel and alleged trial counsel was ineffective. The document does not contain a formal prayer but does conclude with a "Verification of Unsworn Declaration" in which Appellant again identifies the document as a "Motion for Sub. Counsel." In his brief, Appellant limits his record references and arguments to the pretrial motions and to the dialogue Appellant had with the judge at the start of the November 2012 trial on guilt-innocence. We note that even in these documents the relief Appellant sought was the appointment of different counsel.

THE COURT: You can't – you can't make an opening statement or do any of those things because you're – we started the trial and you're represented by counsel.

THE DEFENDANT: Yes, ma'am. Now –

THE COURT: So you can't have it both ways.

THE DEFENDANT: Okay. The reason why is because I had wanted – I know I'm not a lawyer. My lawyer hasn't filed any motions, and I'm facing a lot of time, and he hasn't filed any motions on my behalf. So I had some pro se motions that I wanted to present to –

THE COURT: What are the – let me must ask you, Mr. Atkins, what are the nature of your pro se motions?

THE DEFENDANT: The nature of them? One is to suppress Defendant's statement, and one is for [an] investigator for the case because my lawyers haven't had sought to have the case investigated. And being that I'm facing a lot of time, like I said, I feel like I have the right to have my case investigated and be represented right by my lawyer. I'm not – I'm not – I'm not satisfied with his representation. I don't feel comfortable going to trial with him because of [a] lack of – when we was watching the evidence videos and the audio yesterday, he fell asleep. He has no interest in my case, and I don't feel comfortable going to trial with him, ma'am. But I have some pro se representation motions that I wrote down which shows the case law that – to suppress my statement that I made, being that I was disoriented. I have mental illnesses, and I wasn't in my right mind. And one is for investigator of my case.

THE COURT: Well, the – you don't have the ability to file pro se motions. So that – I can't really go into the merits of those motions.

THE DEFENDANT: Yes, ma'am.

THE COURT: What I can tell you is that mental illness is not a legal reason to suppress –

THE DEFENDANT: Yes, ma'am. I understand.

7

THE COURT: – a statement. It could certainly be something that could be taken into consideration particularly in the punishment phase, –

THE DEFENDANT: Yes, ma'am.

THE COURT: – but it's not a legal basis for suppressing your statement.

THE DEFENDANT: Yes, ma'am. The reason why I spoke[,] that is[,] I see I've got reversible errors [because the cases I found] were showing several people had mental and alcoholic blackouts, which I think the State is on the video for like 90 minutes, and I feel like it was coerced, my statement was coerced, by the detectives. I seen case law where it's showing that they was supposed to stop the investigation being that I need to see – I said I need a psychiatrist, my psychiatrist, and I said I have alcoholic blackouts, for at least 90 minutes.

THE COURT: Okay. Well, those are not – that's not a basis for suppressing your statement.

THE DEFENDANT: Yes, ma'am.

THE COURT: So just – just in the interest of answering your question, that would not be a legal basis for suppressing your statement. I'm not familiar with the case law that you're talking about, but that's – I can't – as I said, can't consider that motion, but that would not be – the reason why [defense counsel] has not raised that with the Court is because he's an attorney and he knows what the law for suppression of statements is.

THE DEFENDANT: Yes, ma'am.

THE COURT: And it's his duty to not bring any arguments that don't have any legal basis or would be frivolous –

THE DEFENDANT: Yes, ma'am.

THE COURT: – in front of the Court. So he has chosen not to do that.

THE DEFENDANT: Yes, ma'am.

8

THE COURT: Anything further from the defense, [defense counsel]?

[DEFENSE COUNSEL]: Your Honor, I guess at a more appropriate time, I can go through the allegations, but suffice to say that I disagree with the statements he's made about me.

THE COURT: Okay.

[DEFENSE COUNSEL]: I advised him this morning – he handed me a stack of papers that he wanted to present to the Court pro se. I told him I would not present them, and I advised him that it is hybrid representation.

THE COURT: Right.

[DEFENSE COUNSEL]: But I told him I would give him an opportunity to make that inquiry of the Court.

THE COURT: And there is a rule against hybrid representation. You have an attorney. You can't go forward pro se.

THE DEFENDANT: Yes, ma'am. Thank you.

THE COURT: Call your first witness.

A defendant has the constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. *Robinson v. State*, 387 S.W.3d 815, 820 (Tex. App.—Eastland 2012, no pet.) (citing *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975)). To invoke the right of self-representation, a defendant must clearly and unequivocally assert the right. *Id.* Once asserted, the trial court must advise the defendant of the consequences of self-representation. *Id.* When determining whether a defendant asserted the right clearly and unequivocally, a statement that the defendant wishes to proceed without an attorney cannot be taken alone or out of context. *DeGroot*, 24 S.W.3d

9

at 458. Even after asserting his right to self-representation, a defendant may subsequently waive it by his conduct. *Robinson*, 387 S.W.3d at 820. A trial court may find a waiver of the right where it reasonably appears that the defendant has abandoned his initial request to represent himself or is vacillating on the issue. *Id.* at 820–21. Whether a defendant has elected to represent himself is reviewed for an abuse of discretion. *DeGroot*, 24 S.W.3d at 457. An accused's dissatisfaction with appointed counsel or a request for hybrid representation does not establish a clear and unequivocal assertion of the right to self-representation. *Robinson*, 387 S.W.3d at 821.

Appellant's argument on appeal does not comport with his complaint at trial. In his motions, Appellant did not want to proceed pro se; rather, he wanted the trial court to appoint a different attorney. At the trial, Appellant attempted to proceed with hybrid representation. Simply put, Appellant was not seeking to represent himself pro se. We hold the complaint is waived. *See Coffey v. State*, 796 S.W.2d 175, 180 (Tex. Crim. App. 1990) (requiring appellate complaint to comport with trial objection). However, even if Appellant had preserved his complaint, he never made a clear and unequivocal assertion of his right to self-representation; Appellant consistently requested new counsel or hybrid representation with his current counsel, neither of which he was entitled to. *Robinson*, 387 S.W.3d at 821 n.2; *DeGroot*, 24 S.W.3d at 458 n.1, 460. We overrule Appellant's second point.

## V. Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 4, 2014